**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID JOSEPH GONZALEZ | : | |
| | : | No. 1053 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order June 9, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001103-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                     **FILED MARCH 20, 2018**

David Joseph Gonzalez appeals from the order, entered in the Court of Common Pleas of Franklin County, denying him relief on his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  After careful review, we affirm.

On September 6, 2013, following a three-day trial, a jury found Gonzalez guilty of rape,[1] aggravated indecent assault,[2] and sexual assault.[3] On September 16, 2013, Gonzalez filed a post-trial motion challenging the sufficiency of the evidence as to all charges, which the trial court denied on November 6, 2013.  On December 18, 2013, the trial court sentenced

---

[1] 18 Pa.C.S.A. § 3121.

[2] 18 Pa.C.S.A. § 3125.

[3] 18 Pa.C.S.A. § 3124.1.

---

*   Former Justice specially assigned to the Superior Court.

Gonzalez to an aggregate term of 72 to 300 months' imprisonment. On December 30, 2013, Gonzalez filed a timely post-sentence motion, which the trial court denied.

On October 26, 2015, this Court affirmed Gonzalez's judgment of sentence. On September 23, 2016, Gonzalez filed a timely petition for post-conviction collateral relief. The PCRA court held an evidentiary hearing on December 29, 2016, and on June 9, 2017, denied Gonzalez's petition. On June 28, 2017, Gonzalez filed a timely notice of appeal. Both Gonzalez and the PCRA court have complied with Pa.R.A.P. 1925. On appeal, Gonzalez raises the following issues for our review:

> 1. Did the lower court err when it rejected [the] claim that [Gonzalez] was prejudiced by trial court's *ex parte* communications with [the] jury foreperson?
>
> 2. Did the lower court err when it rejected [Gonzalez's] claim that [he] was denied his constitutional right to be present and have counsel present at a critical stage of the jury trial?
>
> 3. Did the lower court unreasonably conclude that [the Commonwealth] did not violate mandatory disclosure rules by failing to disclose that the alleged victim had a criminal record?

Brief of Appellant, at 4.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015). This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Haley*, 870 A.2d 795, 799 n. 2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2011).

Gonzalez first claims that the trial court denied his right to counsel when it provided supplemental jury instructions in his absence. Gonzalez also avers that the trial court engaged in *ex parte* communications with the jury foreperson in the absence of his counsel. Gonzalez's claims, sounding in ineffectiveness, amount to an allegation that, had his counsel been present during these communications, the outcome of his trial would have been different. As such, we address them together.

> To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issues has arguable merit; (2) counsel's actions lacked an objective reasonable basis; (3) actual prejudice results from counsel's act or failure to act. The failure to meet any of these aspects of the ineffectiveness test results in the claim failing.

*Commonwealth v. Stultz*, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted).

Gonzalez avers that his counsel was not present during (1) the trial court's *ex parte* communications with the jury foreperson and (2) the trial court's issuance of supplemental jury instructions.

"Pennsylvania law generally requires a showing that *ex parte* communications with a jury resulted in prejudice in order to warrant relief." ***Commonwealth v. Daniels***, 104 A.3d 267, 296 (Pa. 2014). The rationale underlying the prohibition of *ex parte* communications between a trial judge and jury

> is to prevent the court from unduly influencing the jury and to afford counsel an opportunity to become aware and to seek to correct any error which might occur. Where there is no showing either that the court's actions may have influenced the jury or that its directions were erroneous, the reason for the rule dissolves.

***Commonwealth v. Bradley***, 459 A.2d 733, 739 (Pa. 1983).

Instantly, the trial court concedes that it communicated with the jury foreperson outside of the presence of Gonzalelz's counsel:

> TRIAL COURT: Sir, I just wanted to asked you as the foreperson if there's anything that would be helpful to your deliberations by way of review of additional instructions or anything else that the Court can do to be of assistance. . . .
>
> FOREPERSON: If there[][is] any document on reasonable doubt that explains it in better detail and our obligation to stick with that, I would find it helpful.
>
> TRIAL COURT: So [it] might be helpful to call the jurors back to again attempt to explain reasonable doubt.
>
> FOREPERSON: If you call back or give us a document or however you choose to.

TRIAL COURT: I would bring you back into the courtroom to do that because the only documents that are allowed to go with jurors are just the charges themselves.

FOREPERSON: Okay.

TRIAL COURT: So I can bring you all back again, read the instruction on reasonable doubt. You think that might be of assistance?

FOREPERSON: Yes. I think there's issues with believing someone's guilty versus believing that they're guilty beyond a reasonable doubt.

TRIAL COURT: Okay. That's fair enough. We[][are] also at the point of determining what to do about a meal. So you feel that you[][are] going to need some time to continue your discussion through the lunch hour?

FOREPERSON: Yes. And especially if you call us back down.

TRIAL COURT: Okay. Then we[][will] make arrangement to get you different food today. And we[][will] get arrangements for you to come down. ***I have to bring the attorneys in.*** So it will take a little bit of time to do that.

N.T. Trial Day 4, 9/6/13, at 2-3 (emphasis added).

Upon review, we agree with the PCRA court's conclusions that the statements were not prejudicial in nature, the trial court's communications with the jury foreperson were on the record, and only one *ex parte* communication occurred. ***See Daniels***, 104 A.3d at 242 (*ex parte* communications that were administrative in nature and did not involve legal matters not prejudicial). Therefore, Gonzalez's initial ineffectiveness claim is meritless.

Following the foregoing *ex parte* communication with the jury foreperson, the trial court, at the jury's request, issued supplemental jury instructions pertaining to the legal definition of "reasonable doubt."

"A defendant has a right to counsel at every critical stage of a criminal proceeding where the substantive rights of the accused may be affected." **Commonwealth v. Hood**, 872 A.2d 175, 180 (Pa. Super. 2005). A "critical stage" in a criminal proceeding, during which defendant is entitled to counsel, is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage. **Commonwealth v. Johnson**, 828 A.2d 1009, 1014 (Pa. 2003). Trial courts have broad discretion in phrasing their charges, and during this stage, counsel may object to the instructions or suggest an alternative wording; as such, jury instructions are a "critical stage" in a criminal trial, for which a defendant is entitled to counsel. **Id.**

Instantly, we discern no indicia in the record that Gonzalez's attorney was not present when the trial court provided supplemental jury instructions. Rather, the record indicates that the trial court refused to supplement the jury's instructions until the parties' attorneys returned to the courtroom. **See** N.T. Trial Day 4, 9/6/13, at 3. Therefore, Gonzalez is entitled no relief. **Carr**, **supra**; **Stultz**, **supra**.

Gonzalez next claims that the trial court erred in not finding that the Commonwealth violated **Brady**[4] by failing to disclose that the victim has what he characterizes as a summary citation for bad checks, filed on June 28, 2006.

To establish a **Brady** violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. **Commonwealth v. Haskins**, 60 A.3d 538 (Pa. Super. 2012). The burden rests with the defendant to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution. **Id.** at 547. Impeachment evidence falls within the **Brady** rule. **Id.** at 546.

Gonzalez argues that *crimen falsi* evidence of writing a bad check would have enabled his counsel to impeach the credibility of the victim pursuant to Pa.R.E. 609.

Pa.R.E. 609 provides as follows:

**Rule 609.  Impeachment by evidence of conviction of crime**

**(a) In General.** For the purpose of attacking the credibility of any witness, ***evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement.***

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609 (emphasis added).

Gonzalez could have impeached the victim with evidence of *crimen falsi*, if she had been convicted of writing bad checks. However, the veracity of a witness may not be impeached by prior arrests that have not led to convictions. Pa.R.E. 609(a). **See Commonwealth v. Chmiel**, 889 A.2d 501, 534 (Pa. Super. 2005).

Here, the victim's summary offense for bad checks was disposed of pursuant to Pa.R.Crim.P. 586, which provides, in relevant part, as follows:

> When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that:
>
> &#42;  &#42;  &#42;
>
> (3) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person[.]

Pa.R.Crim.P. 586.

At Gonzalez's PCRA hearing, the Commonwealth established that the trial court had dismissed the victim's charge for writing bad checks after she settled the amount of the bad check at issue:

COMMONWEALTH: I'm showing you what has been marked as Exhibit A. Do you recognize that document?

LOWMAN: Yes, I do.

Q: Can you tell us what it is, please?

A: It's a docket transcript. . . .

Q: [W]hat is the name on that docket?

A: [K.M.].

* * *

Q: Approaching with Commonwealth's Exhibit Number 6, can you tell us, do you recognize that document?

A: That's an actual receipt.  Whenever someone makes some sort of payment, it gives the defendant's information as to what type of case along with the docket number as well.

Q: Can you tell us what the docket number is on that receipt?

A: CR 274 of 2006

Q: And the name of the defendant?

A: [K.M.]

Q: And the receipt is for how much money?

A: $448.23

Q: Did you actually receive that money yourself from [K.M.]?

A: Yes, I did.

Q: And as a result of receiving that payment, was the disposition then made to be as settled?

A: Yes.

Q: And does that mean that she pled guilty?

A: ***No, it does not.***

Q: ***Okay. So instead[,] it was settled in lieu of conviction?***

A: Right. It was right, yes.

N.T. PCRA Hearing, 2/1/17, at 105-08 (emphasis added).

The PCRA Court found Lowman's testimony credible, and accordingly, determined that K.M. was never convicted for writing bad checks. ***Reyes-Rodriguez***, ***supra***. Thus, Gonzalez could not have impeached the veracity of the victim's testimony. Pa.R.A.P. 609. ***Chmiel***, ***supra***. Therefore, we discern no error by the PCRA court in determining that the Commonwealth did not commit a ***Brady*** violation when it did not disclose to Gonzalez the victim's previous dismissal of a charge for writing bad checks.

Order affirmed.

BENDER, PJE., Joins this Memorandum

STEVENS, PJE., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/20/2018